## SMALL *v.* LUDLOW *et al.*

The purchaser upon credit of property assigned in trust for creditors cannot resist an action for the price on the ground that the trustees were only authorized to sell for cash;

Nor on the ground that the plaintiff took a transfer of the claim for the purchase money, agreeing to apply it in payment of the *cestuis que trust,* according to the directions of the assignment. A sale by the assignee upon such terms is not void as a delegation of the trust powers in violation of law.

APPEAL from the Court of Common Pleas of the city and county of New York. The complaint alleged that in 1855 a contract was entered into between one McAuliff and the school officers of the nineteenth ward of the city of New York for the erection of a public school-house; that McAuliff, in pursuance of the contract, furnished materials for the building and erected a part of the house, and that, upon the occurrence of a disagreement between him and such officers, the latter declared the contract forfeited and prohibited McAuliff from proceeding further in the contract, but authorized him to retain for his own use the building materials furnished by him; and thereupon McAuliff made and delivered in due form an assignment, to Pearson & Merrill, for the benefit of six several creditors, of all his right to the building materials furnished for the erection of the school-house and all the residue of his property upon the school-house lot: that Pearson & Merrill, after the assignment to them, released their interest in the materials on the lot to the defendants, who agreed to pay therefor the sum of $1,100, payable one half in cash, the remainder upon a credit of three months; after which Pearson & Merrill assigned all their claims as trustees against the defendants to the plaintiff, authorizing him to receive and appropriate it in the same manner in which they were authorized to receive and appropriate it under the assignment by McAuliff to them: that the defendants, although notified of the assignment to the plaintiff, and

requested to pay him, refused to do so, and therefore the plain-tiff prayed judgment, &c.

To this complaint the defendants demurred, upon the ground of defect of parties, as well plaintiffs as defendants; that the assignment by Pearson & Merrill was unauthorized, and that the complaint did not state facts sufficient to constitute a cause of action.

The Common Pleas gave judgment for the defendants upon the demurrer, and the plaintiff appealed to this court.

*A. C. Morris*, for the appellant.

*Mr. Slosson*, for the respondents.

H. GRAY, J.   No question is made or doubt entertained but that Pearson & Merrill had the right to sell the assigned pro-perty to the defendants for the sum of $1,100.   The only objection raised against it as a sale is, that one-half of the sum was upon a credit of three months; and because an insolvent debtor cannot, in an assignment for the benefit of his creditors, authorize a sale upon a credit, it is claimed that this sale to the defendants was void.   This clearly is not so.   An assignee who sells under circumstances evincing a disregard for the trust, may be made personally responsible, and instances may occur in which the court, upon the application of the *cestuis que trust*, would interpose and rescue the assigned property from the hands of a purchaser; but no case has occurred in which a purchaser has been permitted to set up a short credit given him as a bar to an action against him for the purchase price; and until creditors ask the interposition of the court, to prevent the execution of such a sale, the purchaser is without legal excuse for the non-performance of his agreement.

It was objected that the sale of this claim to the plaintiff was void, for the reason that by the terms of it he was to appro-priate the sum to be paid by the defendants to him in the same manner that his vendors were bound by the assignment to appropriate it, and this is denominated by the defendants' coun-

sel an assignment of the vendor's trust, and is objected to upon that ground.

The receiving a promise made by another to discharge their obligations to the creditors of McAuliff, was not an assignment of their obligation which in any respect impaired the rights or interests of the *cestuis que trust,* nor was it an attempt to do so; and so long as those for whose benefit the trust was created did not see fit to interpose an objection, there was nothing to prevent the defendants from discharging their obligation, and that was the only interest they had in the matter. There is nothing in law or in morals that requires them to object in behalf of others. The objection raised by them is volunteered, and for aught we know, to the annoyance of the creditors, who may, by reason of his failure to perform his obligations, have been delayed, unless these vendors have advanced the amount he should have paid.

The judgment should be reversed, and judgment ordered for the plaintiff, with costs.

SELDEN, J., was absent; all the other judges concurring,

Ordered accordingly.